IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GUSSIE M. GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07cv924-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) (2000) and Federal Rules of Civil Procedure (FRCP) 58. Def.'s Mot. Remand (Doc. #17). As support for its motion to remand, the Commissioner states remand is necessary because the vocational expert failed to identify light work Plaintiff Gussie M. Grimes (Grimes) could perform to support the administrative law judges's decision at Step 5 if the sequential evaluation. The Commissioner further indicates the Appeals Council has agreed to remand the case back to an administrative law judge (ALJ) to further develop the medical record and, if necessary, obtain a consultative examination and supplemental vocational expert testimony. Def.'s Mem. Supp. Mot. Remand (Doc. #18) at 1-2. The Commissioner also requests the Court enter a judgment pursuant to FRCP 58 reversing and remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405 (g). Id. at 2.

Grimes filed a Response on June 4, 2008, stating "the record is sufficient, upon

application of the correct legal standards, to warrant reversal with an award of benefits."
Alternatively, Grimes states she has no objection to the motion. Plf.'s Response (Doc. #20) at 1.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Thus, the district court has the authority to reverse the Commissioner's decision without remanding the cause. 42 U.S.C. § 405(g).

> The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. This Court may reverse the decision of the Commissioner and enter an order awarding disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.

Fontanez ex rel. Fontanez v. Barnhart, 195 F. Supp. 2d 1333, 1341 (M.D. Fla. 2002) (internal citations omitted).

Under sentence four, the district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996); see Carril v. Barnhart, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's

decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Commissioner requested that the Appeals Council reconsider the case, and it has agreed to remand the case to an ALJ for further consideration. The Commissioner then asked the Court to remand this case so that the ALJ can further develop the medical record and, if necessary, obtain a consultative examination and supplemental vocational expert testimony. The Commissioner also states remand is necessary because the vocational expert failed to identify light work Grimes could perform to support the administrative law judges's decision at Step 5 if the sequential evaluation. The Court finds reversal and remand necessary here, as Defendant concedes further consideration of the record is necessary.

Upon consideration of the Motion (Doc. #17) and Grimes's response (Doc. #20), it is

ORDERED that:

1. The Commissioner's Motion to Remand (Doc. #17) is GRANTED.

a. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant' Brief in Support of its Motion to Remand (Doc. #17, #18).

A separate judgment will issue.

DONE this 6th day of June, 2008.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE